James H. MEREDITH, Appellant,

v.

Charles Dickson FAIR et al., Appellees.

UNITED STATES of America, Amicus Curiae and Petitioner,

v.

STATE OF MISSISSIPPI et al., Defendants.

No. 19475.

United States Court of Appeals Fifth Circuit.

Sept. 28, 1962.

See also 313 F.2d 534.

C. B. Motley, New York City, R. Jess Brown, Vicksburg, Miss., John Doar, First Asst. Civil Rights Division, Department of Justice, Burke Marshall, Asst. Atty. Gen., Department of Justice, Washington, D. C., for appellant.

Chas. Clark, Jackson, Miss., Dugas Shands, Asst. Atty. Gen. of Mississippi, Jackson, Miss., Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., Walter Suthon, New Orleans, La., Francis T. Zachary, Hattiesburg, Miss., J. D. Doty, Pontotoc, Miss., W. H. Barbour, Yazoo City, Miss., Chester H. Curtis, Clarksdale, Miss., Will A. Hickman, Oxford, Miss., M. B. Montgomery, Jackson, Miss., Orma R. Smith, Corinth, Miss., J. P. Coleman, Jackson, Miss., Ben H. Walley, Jackson, Miss., Fred B. Smith, Ripley, Miss., Charles L. Sullivan, Clarksdale, Miss., for appellees.

Before TUTTLE, Chief Judge, and HUTCHESON, RIVES, JONES, BROWN, WISDOM, GEWIN and BELL, Circuit Judges.

PER CURIAM.

This Court having on September 25, 1962 issued orders requiring Ross R. Barnett to appear before this Court today at 10:00 A.M., to show cause, if any he has, why he should not be held in civil contempt of the temporary restraining orders entered in this action on September 25, 1962, and Ross R. Barnett having been given notice of the orders to show cause, and it having been regularly called on the calendar for hearing at 10:00 A.M. this day, and Ross R. Barnett having failed to appear or respond in person or by counsel, and having failed to deny the factual statements contained in the verified application of the United States, and of the appellant and

The Court having heard and received evidence on behalf of the United States and of the appellant, and having deliberated and considered the legal issues involved, now renders its Findings of Fact and Conclusions of Law and Judgment as follows:

FINDINGS OF FACT

1. Since this Court entered its order of July 28, 1962. 5 Cir., 306 F.2d 374,

and the District Court for the Southern District of Mississippi entered its order on September 13, 1962, requiring the admission of James H. Meredith to the University of Mississippi, Ross R. Barnett, as Governor of the State of Mississippi, has issued a series of proclamations calling upon all officials of the state to prevent and obstruct the carrying out of the Court's orders with respect to the admission of James H. Meredith to the University. Two of these proclamations were issued by Ross R. Barnett on September 24 and September 25, 1962.

2. On September 25, 1962, this Court entered its temporary restraining orders restraining Ross R. Barnett from interfering with or obstructing in any manner or by any means the enjoyment of rights or the performance of obligations under this Court's order of July 28, 1962 and the order of the District Court of September 13, 1962.

3. At approximately 4:30 P.M. on September 25, 1962, Ross R. Barnett, having full knowledge of the existence and terms of this Court's temporary restraining orders, went to the office of the Board of Trustees of Institutions of Higher Learning in Jackson, Mississippi at a time when James H. Meredith was due to appear at the office and be enrolled as a student in the University of Mississippi, pursuant to the order of this Court. When James H. Meredith arrived at the office and sought to enter for the purpose of enrolling, Ross R. Barnett deliberately prevented him from entering and told him that his application for enrollment was denied by Ross R. Barnett.

4. On September 26, 1962, James H. Meredith sought to enter the campus of the University of Mississippi in Oxford, Mississippi. He was prevented from entering by Paul B. Johnson, Jr., Lieutenant Governor of the State of Mississippi, acting pursuant to the instructions and under the authorization of Ross R. Barnett.

5. The conduct of Ross R. Barnett in preventing James H. Meredith from enrolling as a student in the University of Mississippi has been with the deliberate and announced purpose of preventing compliance with the orders of this and other federal courts.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the person of Ross R. Barnett.

2. Ross R. Barnett is in contempt of the temporary restraining orders entered by this Court on September 25, 1962.

## JUDGMENT OF CIVIL CONTEMPT

Upon the foregoing findings of fact and conclusions of law:

## IT IS ORDERED, ADJUDGED AND DECREED THAT:

Ross R. Barnett is in civil contempt of the temporary restraining orders of this Court entered September 25, 1962; that such contempt is continuing; and that Ross R. Barnett shall be committed to and remain in the custody of the Attorney General of the United States and shall pay a fine to the United States of $10,000. per day unless on or before Tuesday, October 2nd, 1962 at 11:00 a. m. he shows to this Court that he is fully complying with the terms of the restraining orders, and that he has notified all law enforcement officers and all other officers under his jurisdiction or command:

(a). To cease forthwith all resistance to and interference with the orders of this Court and the District Court for the Southern District of Mississippi;

(b) To maintain law and order at and around the University and to cooperate with the officers and agents of this Court and of the United States in the execution of the orders of this Court and of the District Court for the Southern District of Mississippi to the end that James H. Meredith be permitted to register and remain as a student at the University of Mississippi under the same conditions as apply to all other students.

Nothing herein shall prevent a later assertion of a charge of criminal contempt against Respondent.

Jurisdiction is hereby reserved for such other and further orders as may be appropriate.

Circuit Judges JONES, GEWIN and BELL dissent from that portion of the judgment imposing a fine upon the Respondent.